UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-22261-CIV-MORENO**

MICHAEL I. GOLDBERG, in his capacity as court-appointed Receiver for Worldwide Entertainment Group, Inc., a Delaware corporation, The Entertainment Group Fund, Inc., a Florida corporation, and other affiliated entities,

    Plaintiff,

vs.

PARIS HILTON ENTERTAINMENT, INC., a California corporation, and PARIS HILTON, an individual,

    Defendants.
_____/

## OMNIBUS ORDER

This is a breach of contract case between Plaintiff Michael I. Goldberg, a court-appointed receiver for companies currently in receivership, and Defendants Paris Hilton Entertainment, Inc., and Paris Hilton the individual. A company called Pledge This LLC assigned Goldberg its claims for breach of a contract with the Defendants. To that end, Goldberg sues the Defendants for failure to promote the DVD release of the movie *Pledge This!*, in alleged violation of Ms. Hilton's obligations under the Agreement she entered into with Pledge This LLC to appear in and produce the film. The Defendants have moved in separate motions for summary judgment on the issues of liability, and on the validity of the assignment to Goldberg, respectively. The Defendants have also filed a counter-claim against Goldberg. The Court Stayed this case on May 5, 2009. The Court hereby LIFTS THE STAY of this case.

Moreover, as set forth below, the Court DENIES the Defendants' Motions for Summary Judgment, GRANTS IN PART the Plaintiff's Motion to Dismiss Counterclaims, GRANTS the Plaintiff's Motion *in limine*, and DENIES WITH LEAVE TO REARGUE the Defendants' Motion *in limine*. The Court also DENIES AS MOOT the Plaintiff's Motions for a hearing on the Summary Judgment Motion and to Supplement Response to Motion for Summary Judgment with Additional Discovery.

The Court furthermore BIFURCATES the issue of liability from the issue of damages, except insofar as the Plaintiff must prove some element of damages to establish liability. Hence, the June 8, 2009 trial of this case will be on the issue of liability only.

## I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY

The Court DENIES the Defendants' Motion for Summary Judgment. The record evinces triable issues of fact as to whether Ms. Hilton was unavailable to promote the DVD release of the movie and whether any failure to promote the DVD release prevented a recovery of costs on the film.

### A. Legal Standard

FED R. CIV. P. 56(c) authorizes entry of summary judgment where the pleadings and supporting materials evince no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court should focus on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) *quoting, Liberty Lobby, Inc.*, 477 U.S. at 252.

**B. Analysis**

According to the terms of the Agreement, New York law governs Goldberg's breach of contract claim. Agreement, Schedule 1, ¶18(e). The Court enforces that provision, as no strong public policy counsels otherwise. *Mazzoni Farms, Inc., et al. v. E.I. DuPont Nemours and Co., et al.*, 761 So.2d 306, 311 (Fla. 2000).

New York law requires a plaintiff alleging breach of contract to prove (1) the existence of a contract between the plaintiff and defendant; (2) performance by the plaintiff; (3) the defendant's failure to perform; and (4) resulting damages. *Ledain v. Town of Ontario*, 746 N.Y.S.2d 760, 763 (N.Y. Sup. Ct. 2002). The law entitles the Defendants to summary judgment if undisputed facts evince no scenario under which Goldberg could prove these elements. The parties dispute whether Goldberg can satisfy elements three and four.

1. Breach

The Court must construe Ms. Hilton's promotion obligations under the Agreement, and determine if the parties dispute factually whether she satisfied those obligations. The relevant portion of the Agreement simply states that Ms. Hilton "shall perform reasonable promotion and publicity services, with respect to the Picture. . . . subject to Artist's professional availability." Agreement, ¶10(b). Ms. Hilton also retained the right to approve or disapprove specific publicity services. *Id.*

The Court finds the record unclear as to whether or not Ms. Hilton satisfied her promotion obligations. In particular, the record currently lacks sufficient detail to ascertain whether Ms. Hilton was actually unavailable to fulfill the promotion requests, or if she merely determined to ignore those requests based on personal distaste for the outcome of the film. The Court therefore declines to grant

summary judgment on this particular ground.

### 2. Damages

Assuming Ms. Hilton failed to promote the DVD release of the film, as required by the Agreement, Goldberg still must prove that her breach caused damages. The Court concludes that the parties factually dispute the impact of Ms. Hilton's lack of promotion for the DVD. For that reason, the Court finds itself unable to embrace the conclusory position that Goldberg cannot prove damages. To the contrary, the Court must determine at trial whether or not Ms. Hilton's failure to promote the DVD contributed to the loss on the film.

## II. MOTIONS FOR SUMMARY JUDGMENT ON THE ASSIGNMENT ISSUE

The Court DENIES the Defendants' Motion for Summary Judgment on the Assignment Issue, and DENIES AS MOOT the Plaintiff's Motion on the same. The assignment clause within the parties' Agreement applies only to assignments of the Agreement itself, and not to the right to sue for a breach of that Agreement. Under New York Law, Pledge This LLC validly assigned its right to sue the Defendants for breach of contract, but only to the extent that a breach of contract actually occurred.

Parties may not ordinarily assign a contract for personal services absent an express contractual provision to the contrary. *Lovece v. Local 32B, Bldg. Service Emp. Intern. Union, AFL-CIO*, 236 N.Y.S.2d 91, 92 (N.Y. Sup. Ct. 1962); *see also, Preferred Oncology Networks of America, Inc. v. Bottino*, 1997 WL 305253 at *2 (S.D.N.Y. 1997) ("Defendants represent to this Court that New York law does not recognize assignment of an obligation to provide personal services, yet neglect to inform the Court that this prohibition is inapplicable when the parties expressly provide for assignability."). Moreover, the rule against assignment applies to

unfulfilled personal services contracts. *Sackman v. Stephenson*, 11 N.Y.S.2d 69, 71 (N.Y. Sup. Ct. 1939). Thus, the performer of a personal service generally cannot find herself bound to perform for a party with whom she never explicitly entered a contract. *Paige v. Faure*, 229 N.Y. 114 (N.Y. 1920).

The Agreement contains a provision that permissibly overrides New York's prohibition against assignment of personal services contracts. Agreement, Schedule 1, ¶14(a). However, that provision requires any assignee to meet certain preconditions. Pledge This LLC may assign the "Agreement, in whole or in part, to any party provided that such party agrees in writing to keep and perform all of the executory obligations of Company hereunder." *Id.* The Defendants object to the validity of the assignment to Goldberg, because they maintain he never met this precondition.

The Court must determine whether the Agreement requires Goldberg to promise in writing to keep and perform all of Pledge This LLC's executory obligations, in order for the assignment to be valid. The Court answers this question in the negative.

As Goldberg points out, the Court must distinguish between the assignment of a personal services contract, and the assignment of a right to bring an action for breach of that contract. To that end, under New York law, a party may assign a cause of action for breach of an unassignable contract, *after* the occurrence of the breach. *Marsh v. Perkins*, 230 N.Y.S. 406, 407-408 (N.Y. Sup. Ct. 1928). In fact, a party to a personal services contract may assign a cause of action for breach of that contract. *Sackman*, 11 N.Y.S.2d at 71 ("A chose in action [for breach of a personal services contract] may be assigned" where only the right to recover damages based on the breach was assigned.).

In view of this rule, the Court finds Pledge This LLC's right to sue the Defendants for breach of the Agreement assignable under New York law, *to the extent that any breach may have occurred.* More importantly, the Court finds that the assignment provision within the Agreement only pertains to assignments of the Agreement itself, and not the assignment of the right to sue for breach of the Agreement. Under its plain terms, the precondition applies to assignment of the "Agreement, in whole or in part." Agreement, Schedule 1, ¶14(a).

### III. GOLDBERG'S MOTION TO DISMISS COUNTERCLAIMS

The Court GRANTS IN PART Goldberg's Motion to Dismiss Counterclaims. Goldberg has moved to dismiss counterclaim Counts II and III. Count I asserts a breach of contract against Pledge This LLC. Judge Huck ruled that the Defendants cannot join Pledge This LLC as a counter-defendant, so Count I no longer presents a justiciable issue. Count II seeks a declaratory judgment that Ms. Hilton was excused from any further performance under the Agreement after Pledge This LLC failed to pay her a bonus allegedly due. Count III alleges that Goldberg tortiously interfered with the contractual relationship between Pledge This LLC and the Defendants by inducing Pledge This LLC to withhold the bonus.

The Court DENIES the Motion to the extent it seeks to dismiss Count II. The Defendants have raised a valid legal claim regarding the payment of the bonus. It is too early at this juncture to accord Goldberg the relief he seeks and dismiss this claim.

Moreover, the Court GRANTS IN PART the Motion to the extent it seeks to dismiss Count III and STRIKES the Defendants' allegations of fraud. Goldberg argues that Count III violates FED. R. CIV. P. 9(b), because it alleges fraud without stating with particularity the circumstances constituting that fraud. Count III does state that the defendants believe that

Goldberg "acted with oppression, fraud, or malice so as to justify the imposition of prejudgment interest and punitive damages." Amended Answer ¶42. Nevertheless, as the Defendants note, fraud is not an element of a tortious interference claim. Moreover, their fraud allegation relates only to a request for punitive damages, and this request doesn't even require fraud to be proved. At the same time, because the Defendants failed to plead fraud with particularity, Rule 9(b) applies. Given the stage of the proceedings, it is too late to provide the Defendants leave to amend their counterclaims. The Court therefore STRIKES the Defendants' allegations of fraud in Count III.

### IV. PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY

The Court GRANTS the Plaintiff's Motion *in limine* to Exclude the Testimony of Andrew Fogelson and P.J. Shapiro. The Contract is unambiguous. There are disputed issues of fact, but the experts would not assist the Court in this bench trial. Therefore, in the exercise of its discretion under FED. R. EVID. 702 and 403, it will exclude them.

### V. DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXPERT REPORT

The Court DENIES the Defendants' Motion *in limine* to Preclude Plaintiff's Supplemental Expert Report, with leave to reargue after the trial on liability.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record